UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANGELOS WASHINGTON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:14-1830 |
| v. | ) | Judge Campbell/Brown |
| | ) | **Jury Demand** |
| CORRECT CARE SOLUTIONS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**TO: THE HONORABLE TODD J. CAMPBELL**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for the Plaintiff's failure to obey court orders and to prosecute his case.

### BACKGROUND

The Plaintiff filed his complaint on September 12, 2014, and was subsequently allowed to proceed *in forma pauperis* (Docket Entry 7). As summarized in the Court's memorandum opinion accompanying the order (Docket Entry 6) the Plaintiff alleged that he was a paraplegic as a result of a gunshot wound in 2011 and used an in-and-out self-catheter to empty his bladder. The Plaintiff alleged that after he was taken into custody on July 3, 2014, he was not given proper medical treatment and suffered from a bladder infection because the medical authorities would not provide him with single use catheters.

The Plaintiff returned service packets for the Defendants in the matter and service was obtained on Correct Care Solutions, Dr. Burns, Metropolitan Government of Nashville and Davidson

County, and Cindy Bradford. The case was initially set for a scheduling conference on December 15, 2014 (Docket Entry 16) and an order to produce the Plaintiff was issued to the Davidson County Sheriff's Office (Docket Entry 17).

The Magistrate Judge was then advised that the Plaintiff had been released from custody and the Magistrate Judge attempted to secure a new address for the Plaintiff (Docket Entry 20). Subsequently, the Magistrate Judge obtained a better address for the Plaintiff, and the order setting the case management conference was reissued (Docket Entry 22).

At the appointed time for the case management conference an attorney for the Defendants appeared, but the Plaintiff did not. Counsel for the Defendants advised that the Plaintiff had called their office earlier and advised them that he knew about the conference. Unfortunately, the Plaintiff never appeared and nothing has been heard from him since.

The Plaintiff was originally warned by Judge Campbell (Docket Entry 7) that failure to keep a current address on file could jeopardize his case. The Magistrate Judge repeated that warning and specifically advised him that failing to obey court orders could result in dismissal of his case under Federal Rules of Civil Procedure and for failing to prosecute his case. It appears that both regular and certified mail sent to the Plaintiff has been returned as undeliverable or unclaimed (Docket Entries 24, 28, 29, 30, 31, 43, 44, 45, 46, 47).

The Plaintiff did not respond to the Magistrate Judge's order directing him to show cause within 14 days why he did not appear and why the Magistrate Judge should not impose sanctions on him. Subsequently, the Defendants moved to dismiss for lack of prosecution (Docket Entry 41), pointing out in their memorandum in support of the motion (Docket Entry 42) that the Plaintiff was well aware of the case management conference of December 15, 2014, and had been provided by the Defendants' counsel with specific directions to the federal courtroom where the conference would be held. Counsel further advised that the Plaintiff confirmed that his address was correct and that he had received the Defendants' proposed initial case management order.

Counsel further stated that Plaintiff has had no contact with defense counsel since the morning of the initial case management conference and that the case, therefore, should be dismissed. The Plaintiff failed to respond to this motion.

Although the Magistrate Judge has entered an initial case management order (Docket Entry 37) and the matter has been set for trial (Docket Entry 39), the case cannot proceed since the Defendants are unable to contact the Plaintiff, the Court is unable to contact the Plaintiff, and the Plaintiff despite specific warnings has failed to provide a valid address.

**LEGAL DISCUSSION**

The Defendants have corrected stated the law in this matter that federal courts have to be able to management their own

3

dockets and to dismiss a case under Rule 41(b). *Link v. Wabash Railroad Company, 370 U.S. 626 (1961).*

A dismissal with or without prejudice is a drastic remedy and before the court contemplates dismissing an action under Rule 41(b) the Court must specifically consider:

> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dilatory conduct of the party;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) where the less drastic sanctions were imposed or considered before dismissal was granted.
>
> *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

The Plaintiff was warned at the onset of the case that failure to keep a current address could jeopardize the prosecution of the matter. In this case the Plaintiff has failed to provide the Court with a current address. His failure to do so appears willful.

The Defendants have been unable to contact him to conduct discovery in this matter. Despite being given an opportunity to do so, the Plaintiff failed to show cause why he did not attend the scheduled case management conference in the matter.

Under these circumstances, the Magistrate Judge believes that dismissal under Rule 41(b) is appropriate. A court must be able to control its docket and to move cases toward resolution. The District Court has the power to dismiss an action for want of

prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1961).

The Plaintiff is present out of touch with the Court and the Defendants are prejudiced in that they are unable to conduct any discovery in the matter. The Magistrate Judge has considered the less drastic sanction of dismissal without prejudice, rather than dismissal with prejudice and will recommend the lesser sanction.[1]

### RECOMMENDATIONS

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obey court orders and to prosecute, and further recommends that any appeal of the dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further

---

[1] Even though the dismissal is without prejudice, statute of limitations issue may prevent a refiling of a similar complaint.

appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 12th day of March, 2015.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge